## SUPERIOR COURT

Giuseppe Pezzullo, et ux vs. Joseph Benn & Sons, Inc.    W. C. A. No. 471

### RESCRIPT.
October 31, 1924.

TANNER, P. J. The son of the claimants came to his death by falling down an elevator well. He worked upon the floor below where the accident occurred. He sometimes had occasion to go to the floor where the accident occurred, in the course of his employment, but the evidence does not show that he was there at that time in the course of his employment, although he might have been. But, irrespective of this question, he was undoubtedly killed because of skylarking with a fellow employee. Under the great weight of authority such an accident, while it may have been in th course of his employment, did not arise out of his employment.

We are, therefore, obliged to deny the petition.

For Petitioners: B. Cianciarulo and Uldrich Pettine.

For Respondent: Hinckley, Allen, Tillinghast and Phillips, and Clifford A. Kingsley.

## SUPERIOR COURT

James W. Long, Tr. vs. Kleistone Rubber Co.    No. 55779.

November 12, 1924.

### RESCRIPT

BLODGETT, J. Heard upon motion for new trial filed by defendant after verdict of the jury for plaintiff for $1928. This action was based upon a contract of employment which plaintiff claimed had been broken by defendant.

In this case a request for a special finding of the jury was as follows:

"Did the plaintiff Long agree to take stock of the defendant company in payment of any salary deficiency?"

To this issue the jury answered "no."

There was testimony submitted by plaintiff and defendant upon this issue and the Court can not say the testimony so clearly preponderates upon either side as to justify setting aside the verdict. The fact that this special verdict was requested is apparently an admission that defendant owned plaintiff something.

Plaintiff claimed the entire amount due him to be $1845 and this amount, with interest of $83, was the amount found due by the jury.

There was testimony on the part of defendant that the services of plaintiff were not satisfactory, which the jury evidently disregarded, but no actual testimony that this sum of $1845 was not due on the contract, the dispute being that plaintiff had agreed to take stock in the corporation in place of cash.

Motion denied.

For plaintiff: Cooney & Cooney.

For defendant: Huddy, Emerson & Moulton.